IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

XAVIER DORSEY, ET AL.                                                                         PLAINTIFFS

V.                                                                            CIVIL ACTION NO. 2:12CV17-B-A

MICHAEL TADLOCK, SOUTHEAST GRAVEL CO., INC.,
BLUE BIRD CORPORATION, BLUE BIRD BODY COMPANY,
IC BUS, LLC, NAVISTAR INTERNATIONAL CORPORATION,
NAVISTAR INTERNATIONAL TRANSPORTATION CORP.,
WATERS TRUCK & TRACTOR CO., INC., AND MID SOUTH
WATER AND MACHINE WORKS, LLC                                                      DEFENDANTS

**MEMORANDUM OPINION**

Presently before the court is the plaintiffs' motion to remand and the motion of defendant Waters Truck & Tractor Co., Inc., to dismiss. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

This action arises from an April 1, 2011 vehicular accident at the intersection of Highway 450 and Highway 61 in Bolivar County, Mississippi, in which a 1994 Blue Bird International school bus owned by the Shaw School District collided with a gravel truck owned by defendant Southeast Gravel Co., Inc. ("Southeast Gravel"), and operated by defendant Michael Tadlock, who was delivering gravel to defendant Mid South Water and Machine Works, LLC ("Mid South"). The school bus was designed and manufactured by defendants Blue Bird Corporation, Blue Bird Body Company, IC Bus, LLC, Navistar International Corporation, and Navistar International Transportation Corp. The school bus was sold to the school district by defendant Waters Truck & Tractor Co., Inc. ("Waters"). Defendants Waters and Mid South are citizens of Mississippi. The remaining defendants are citizens of other states.

The plaintiffs filed this action on January 3, 2012, in the Circuit Court of the Second Judicial District of Bolivar County. Defendant Waters along with the diverse defendants removed the case to this court on February 3, 2012, asserting that non-diverse defendants Waters and Mid South were improperly joined to defeat federal diversity jurisdiction. The plaintiffs have now moved to remand, and defendant Waters has moved to dismiss.

Standard for Removal and Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"[R]emoval statutes are to be construed strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996). "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The removing party bears the burden of establishing the basis for diversity jurisdiction. *Id. See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

In diversity jurisdiction cases, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The "burden of demonstrating [improper] joinder is a heavy one." *Griggs v. State*

*Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999). To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs*, 181 F.3d at 699). Under the second prong, the court must examine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). "If no reasonable basis of recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed fraudulent, *unless* that showing compels dismissal of *all defendants*." *McDonal*, 408 F.3d at 183. A district court normally examines a claim of improper joinder by conducting a Rule 12(b)(6)-type analysis. *Smallwood,* 385 F.3d at 573.

## Analysis

*Improper Joinder of Mid South Water and Machine Works, LLC*

Defendant Mid South is in the business of drilling water wells. The gravel truck owned by defendant Southeast Gravel was en route to a site delivering gravel for Mid South when the collision that is the subject of this lawsuit occurred. The plaintiffs contend that because the use of gravel is an integral component of the drilling process, defendant Southeast Gravel should be considered to be Mid South's employee. According to the plaintiffs, the question of Mid South's liability turns on whether Southeast Gravel is an independent contractor or an employee.[1]

---

[1] The plaintiffs moved to amend the complaint to add a claim against Mid South for negligent hiring of an independent contractor, but the Magistrate Judge denied the motion. In proposing the

"Generally, an employer is liable for the negligent acts of its employee done in the course and scope of his employment under the doctrine of *respondeat superior*, but an employer is not liable for the negligence of an independent contractor." *McKee v. Brimmer*, 39 F.3d 94, 96 (5th Cir. 1994). The Fifth Circuit recognized in *McKee* that "[f]or many years Mississippi engaged in an elaborate factoring analysis to determine whether or not one was engaged in an employer/employee or independent contractor relationship." *Id.* The Fifth Circuit noted that, "the Mississippi court moved to a singular 'right to control' test" in *W.J. Runyon & Son, Inc. v. Davis*, 605 So. 2d 38 (Miss. 1992). *Id.* Then, however, in *Richardson v. APAC-Mississippi, Inc.*, 631 So. 2d 143, 148-49 (Miss. 1994), "the court overruled *Runyon* to the extent that it was inconsistent with *Richardson* and moved back to a factoring analysis." *McKee*, 39 F.3d at 96. In *Richardson* the court set forth a number of guidelines for use in making what the court admitted to be an often difficult determination:

> There are several tests to be applied, the weight of each, and whether much or little, rising and falling in the scale as it may or may not be counterbalanced by one or more of the remaining tests, present in the particular case in hand. For this reason these tests cannot be stated in any precise order of importance, but they are as follows: whether the principal master has the power to terminate the contract at will; whether he has the power to fix the price in payment for the work, or vitally controls the manner and time of payment; whether he furnishes the means and appliances for the work; whether he has control of the premises; whether he furnishes the materials upon which the work is done and receives the output thereof, the contractor dealing with no other person in respect to the output; whether he has the right to prescribe and furnish the details of the kind and character of work to be done; whether he has the right to supervise and inspect the work during the course of the employment; whether he has the right to direct the details of the manner in which the work is to be done; whether he has the right to employ and discharge the subemployees and to fix their compensation; and whether he is obliged to pay the wages of said employees.

---

negligent hiring claim, the plaintiffs did not abandon their assertion that Southeast Gravel was an employee of Mid South but instead attempted to pursue an additional, alternative theory.

*Richardson*, 631 So. 2d at 148-49 (quoting *Kisner v. Jackson*, 132 So. 90, 91 (Miss. 1931)). As the Fifth Circuit explained in *McKee*, however, "[t]hrough all the changes [in the tests], the right to control and actual control have always been primary factors." *McKee*, 39 F.3d at 96.

"An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." *Stewart v. Lofton Timber Company, LLC*, 943 So. 2d 729, 733 (Miss. Ct. App. 2006). The court finds that in the case sub judice the relationship between Mid South and Southeast Gravel was not an employer/employee relationship but that Southeast Gravel was, at most,[2] an independent contractor over which Mid South exercised no control. As the defendants note and as set forth in the affidavits of Mid South's president and Southeast Gravel's president, Southeast Gravel was not Mid South's exclusive gravel supplier; Mid South did not employ Southeast Gravel's drivers; Mid South did not own, finance, or perform maintenance on Southeast Gravel's trucks; Mid South did not control the working hours of Southeast Gravel's truck drivers, their work duties, or the routes they chose to deliver gravel; and Mid South did not pay Southeast Gravel's drivers or provide benefits or insurance for them. Further, Mid South and Southeast Gravel have never been partners in any joint business venture. Southeast Gravel is an independent gravel supplier to the public and provides its product to anyone wishing to purchase gravel.

---

[2]The court is of the opinion that the relationship at issue is more closely akin to that of seller and customer or vendor and vendee and agrees with the defendants that this is "the same kind of relationship a regular customer of Domino's Pizza enjoys when he orders pizzas for delivery to his home." Because, however, the independent contractor theory is more fully briefed and is no less dispositive of the issue than a finding of a seller/customer relationship, the court focuses its analysis on the independent contractor theory.

5

Because the court finds that Mid South had no control over Southeast Gravel, which was, at best, an independent contractor in this case, the plaintiffs have no plausible claim against Mid South, and there is no reasonable basis for the court to predict that the plaintiffs might recover against this defendant. *See Smallwood*, 385 F.3d at 573. The court finds that Mid South has been improperly joined and must be dismissed.

*Improper Joinder of Waters Truck & Tractor Co., Inc.*

The plaintiffs assert that Waters Truck & Tractor sold the school bus in question to the Shaw School District seventeen years prior to the collision at issue here with knowledge of an alleged "defective condition" of the bus. According to the plaintiffs, the bus lacked "proper safety restraint systems and crash/occupant protection," "interior padding," and had a "hostile interior." The plaintiffs argue that for these reasons, Waters does not benefit from the "innocent seller" defense found in the Mississippi Products Liability Statute codified at Mississippi Code Ann. § 11-1-63(h).

> The relevant section of the statute provides:
>
> In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product.

Miss. Code Ann. § 11-1-63(h). It is uncontested that Waters had no involvement or control over designing, manufacturing, assembling, testing, packaging, labeling, or determining the specifications for the school bus; nor is it asserted that Waters altered or modified the bus. The

plaintiffs assert, however, that because Waters sold the bus knowing that it did not have seatbelts, among other protections, Waters is not afforded the innocent seller defense.

It is undisputed that Waters simply ordered the subject school bus according to the Shaw School District's specifications in 1994, seventeen years before the accident at issue here. It is further undisputed that in 1994, as remains the case today, Mississippi law did not require seatbelts for the type of school bus involved in the accident in the case sub judice. *See* Miss. Code Ann. § 63-2-1(3)(d) (exempting buses from seatbelt requirement). For the foregoing reasons, the court finds that Waters should be afforded the protection of the innocent seller defense.

The plaintiffs next argue that defendants Waters and Blue Bird Corporation (and ostensibly the other designing and manufacturing defendants, though the plaintiffs make no mention of them) have a common defense that the school bus without seatbelts is not defective, and because the defense is common to both defendants, it is not a proper basis for an assertion of improper joinder according to *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004). The critical defense for Waters, however, is that it is an innocent seller under Mississippi Code Ann. § 11-1-63(h), and this defense is not available to Blue Bird, because it is the manufacturer of the school bus. Further, the common defense rule applies only when said common defense is "equally dispositive of all defendants." *Id.* at 575. In asserting applicability of the common defense rule here, the plaintiffs ignore the fact that the defense, which they assert is common to Blue Bird and Waters, has no bearing on their claims against defendants Southeast Gravel and Michael Tadlock.

Because Waters is exempt from liability under the innocent seller provision of the Mississippi Products Liability Statute, there is no reasonable basis for the court to predict that the plaintiffs can recover against this defendant. Having found the *Smallwood* "common defense" rule inapplicable in the present case, the court finds that Waters has been improperly joined and must be dismissed from this action.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion to remand is not well taken and should be denied. The court finds that defendant Waters' motion to dismiss is well taken and should be granted. Further, the court finds that defendant Mid South must be dismissed. A separate order in accord with this opinion shall issue this day.

This, the 27th day of September, 2012.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**