IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

XAVIER DORSEY AND VALERIE TUCKER,
Individually, As Legal Guardian, and As Mother and
Next Friend of NEKESHA DORSEY, A Minor               PLAINTIFFS

V.                                                   CIVIL ACTION NO. 2:12CV17-B-A

MICHAEL TADLOCK, SOUTHEAST
GRAVEL CO., INC., BLUE BIRD CORPORATION,
AND BLUE BIRD BODY COMPANY                           DEFENDANTS

**ORDER**

This cause comes before the court upon the plaintiffs' Amended Motion for Leave to File Amended Complaint. Upon due consideration, the court finds that the motion is not well taken and should be denied.

This diversity action arises from an April 1, 2011 vehicular accident at the intersection of Highway 450 and Highway 61 in Bolivar County, Mississippi, in which a 1994 Blue Bird International school bus owned by the Shaw School District collided with a gravel truck owned by defendant Southeast Gravel Co., Inc. ("Southeast Gravel"), and operated by defendant Michael Tadlock, who was delivering gravel to former defendant Mid South Water and Machine Works, LLC ("Mid South"). The school bus was sold to the school district by former defendant Waters Truck & Tractor Co., Inc. ("Waters"). Waters and Mid South are citizens of Mississippi.

The plaintiffs filed this action on January 3, 2012, in the Circuit Court of the Second Judicial District of Bolivar County. Defendant Waters, along with the diverse defendants, removed the case to this court on February 3, 2012, asserting that non-diverse defendants Waters and Mid South were improperly joined to defeat federal diversity jurisdiction. The plaintiffs moved to remand, and defendant Waters moved to dismiss. The court denied the motion to

remand and, finding that Waters and Mid South had been improperly joined, dismissed both defendants.

The plaintiffs now attempt to join Mid South a second time. The record reflects, and this court has held, that Mid South was nothing more than an ordinary customer of Southeast Gravel; yet, the plaintiffs have now set forth five theories attempting to place liability on Mid South. The plaintiffs first asserted that Mid South and Southeast Gravel were in a joint venture or employment relationship because gravel is an integral part of drilling Mid South's water wells. The court rejected this theory in denying the plaintiffs' motion to remand. The plaintiffs' second theory is that Mid South negligently hired Southeast Gravel. The plaintiffs' third theory is that Mid South was negligent per se and/or generally negligent because it knew or should have known that Southeast was making overweight deliveries. The plaintiffs' fourth theory is that Mid South engaged in a civil conspiracy with Southeast Gravel by allegedly agreeing to accomplish the hauling of gravel in an unlawful manner. Finally, the plaintiffs assert that Mid South violated both Arkansas and Mississippi statutory schemes regulating the hauling of gravel.

In addition to opposing the Amended Motion for Leave to File Amended Complaint, the defendants have also moved to strike the plaintiffs' reply brief and supplement to reply brief because the plaintiffs have produced new material, arguments, and purported authority with said briefs. The court finds that the motion to strike is well taken and should be granted.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be freely given when justice so requires. When, however, the district court is "faced with an amended pleading naming a new non-diverse defendant in a removed case, [the court] should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere &*

*Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). "'Futility' in this context . . mean[s] that the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873. "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.*

The plaintiffs have cited no applicable authority holding that a purchaser of a product, like Mid South, owes a duty to supervise, inspect, monitor, control, manage, or to stop purchasing the product from a seller, like Southeast Gravel. For this reason, the court finds that the plaintiffs' proposed amendments to the complaint would be futile, and the Amended Motion for Leave to File Amended Complaint should be and the same is hereby **DENIED**. The defendants' motion to strike is **GRANTED**.

**SO ORDERED AND ADJUDGED** this, the 24th day of September, 2013.

 /s/ Neal Biggers
 **NEAL B. BIGGERS, JR.**
 **UNITED STATES DISTRICT JUDGE**

3