IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

XAVIER DORSEY and VALERIE
TUCKER, Individually, as Legal Guardian
and as Mother and Next Friend of
Nekesha Dorsey, A Minor                                                          PLAINTIFFS

V.                                                              CIVIL ACTION NO. 2:12CV17-B-A

BLUE BIRD CORPORATION
and BLUE BIRD BODY COMPANY                                              DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

This cause comes before the court on the defendants' motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

<u>Factual and Procedural Background</u>

This action arises from an April 1, 2011 vehicular accident at the intersection of Highway 450 and Highway 61 in Bolivar County, Mississippi, in which a 1994 Blue Bird school bus owned by the Shaw School District collided with a gravel truck owned by Southeast Gravel Co., Inc. ("Southeast Gravel"), and operated by Michael Tadlock, who was delivering gravel to Mid South Water and Machine Works, LLC ("Mid South"). The plaintiffs were aboard the school bus at the time of the collision and suffered injuries. The school bus was designed and manufactured by defendant Blue Bird Body Company.[1] The school bus was sold to the school district by Waters Truck & Tractor Co., Inc. ("Waters").

---

[1] According to the defendants, Blue Bird Body Company is the only proper party to the lawsuit, as Blue Bird Corporation is a holding company which did not manufacture the subject bus.

This court denied the plaintiffs' motion to remand and dismissed Waters, a non-diverse defendant, finding that it was exempt from liability under the innocent seller provision of the Mississippi Products Liability Statute, Miss. Code Ann. § 11-1-63(h). The court also found that the plaintiff had no plausible claim against defendant Mid South, which was simply a customer of Southeast Gravel, and dismissed Mid South along with Waters. The plaintiffs settled their claims against Southeast Gravel and Michael Tadlock, and they have been dismissed. The plaintiff also initially sued IC Bus, LLC, Navistar International Corporation, and Navistar International Transportation Corp. These parties were dismissed by an agreed order early in the litigation. The only remaining defendants are, therefore, Blue Bird Body Company and Blue Bird Corporation (collectively "Blue Bird").

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

Analysis

The plaintiffs assert that contested issues of fact remain in this case including, inter alia, whether Blue Bird manufactured an unreasonably dangerous product because it did not include seatbelts on the subject bus and whether that defective product proximately caused the plaintiffs' damages. Blue Bird acknowledges that it had a duty to manufacture a reasonably safe bus, but it asserts it had no duty to include seatbelts on the subject bus. It asserts that the plaintiffs cannot meet the requirements of the Mississippi Products Liability Act, Miss. Code Ann. § 11-1-63, because they cannot prove that the school bus was unreasonably dangerous without seatbelts or that the lack of seatbelts caused the plaintiffs' injuries. The defendant also argues that it cannot be liable for adhering to the decisions made by state and local governing authorities, which require no seatbelts on school buses.

The National Association for Pupil Transportation (NAPT), the National School Transportation Association (NSTA), and the National Highway Traffic Safety Administration (NHTSA) are in agreement that seatbelts in school buses are not necessarily a safety improvement. *See* NAPT and NSTA's "Joint Response to NTSB's Recommendations for Further Improving the Safety of School Bus Occupants," Dec. 9, 2013 (Def. Ex. "N"). The NHTSA, the federal agency responsible for enacting the Federal Motor Vehicle Safety Standards, has "repeatedly come to the conclusion that safety belt mandates for large school buses are inadvisable and could actually be counterproductive to improving safety." *Id.* "NHTSA has been repeatedly asked to require belts on buses, has repeatedly analyzed the issue, and has repeatedly concluded that compartmentalization provides a high level of safety protection that obviates the safety need for a Federal requirement necessitating the installation of

4

seatbelts." *Id.* (citing NHTSA 2010 Final Rule, 49 C.F.R. Part 571, "School Bus Passenger Seating and Crash Protection."). The position of the advisory boards on the matter of school bus safety restraints is recent and current but was also applicable in 1994, when the subject school bus was manufactured.

It is uncontested that the subject school bus met the Federal Motor Vehicle Safety Standards and Mississippi Department of Education specifications applicable in 1994.[2] As this court previously recognized in its September 27, 2012 opinion denying remand and dismissing two non-diverse defendants, "[i]t is further undisputed that in 1994, as remains the case today, Mississippi law did not require seatbelts for the type of school bus involved in the accident in the case sub judice. *See* Miss. Code Ann. § 63-2-1(3)(d) (exempting buses from seatbelt requirement)."

The Mississippi legislature has delegated to the State Board of Education the authority to promulgate rules and regulations that set the standards for school buses in Mississippi. Miss. Code Ann. § 37-41-1(b). The State Board of Education's standards governing school buses are given force of law by the legislature, and a local school district shall not purchase or acquire a bus that "does not conform to the specifications provided by the State Board of Education." Miss. Code Ann. § 37-41-85. These standards do not require seatbelts on large school buses; and indeed, if the purchaser of the subject school bus, the Shaw School District, had wanted seatbelts on the bus, it would have been required to obtain special approval from the Mississippi Department of Education. Otherwise, the school district and Blue Bird would have been

---

[2]The MPLA is clear that all personal injury product liability claims against a manufacturer are judged "at the time the product left the control of the manufacturer." Miss. Code Ann. § 11-1-63(a).

5

noncompliant with Mississippi's regulatory scheme governing school buses. The defendant argues that the choices made by the Mississippi legislature and the Mississippi Department of Education, supported by the positions of the National Transportation Safety Board, the NSTA, and the NHTSA at the time of the bus's manufacture, foreclose imposing liability on Blue Bird for failing to make a choice contrary to the applicable regulatory scheme. The court agrees.

In *Cooper v. General Motors Corp.*, 702 So. 2d 428 (Miss. 1997), the Mississippi Supreme Court refused to hold General Motors liable for its failure to install airbags in the subject vehicle even though it agreed the airbags would have improved passenger safety. *Id.* at 444. The court stated, "If the legislative and regulatory laws do not mandate airbags, then who are judges and juries to make the law from the bench or the box." *Id.* The court further stated that manufacturers should not be brought "to their knees for choosing one restraint system over another in light of what was known to them at the time of their manufacturing." *Id.* At the time the subject school bus was manufactured, the effectiveness of seatbelts on school buses was, and remains, a hotly debated topic without a conclusive resolution. The NHTSA maintains to date that school buses are inherently safe without seatbelts, and in fact, the plaintiff's own expert, Dr. Craig Good, acknowledged that school buses are "the safest vehicle on the road...." Good Dep. 189: 22-25.

Dr. Good went on to state that school buses are "even safer when a seatbelt is put in the bus." *Id.* The plaintiffs argue that this and other testimony of Dr. Good create genuine issues of material fact which preclude summary judgment, but the plaintiffs fail adequately to address the defendant's compliance with Mississippi law and the ramifications of that compliance on the claims in this case. In fact, the plaintiffs' only attempt to address this argument is to assert that

the manufacturer's duty to make its product reasonably safe "cannot be avoided by deferring to the Mississippi legislature." This statement, while technically not untrue, misses the point. The defendant does not deny that it was under a duty to make a reasonably safe product. The defendant's argument, which the court finds persuasive, is that it cannot be held to have breached that duty by failing to install seatbelts in the subject bus, as it was compliant with Mississippi law on the matter. The court finds that any issue of fact created by Good's testimony or any other evidence set forth by the plaintiffs is rendered irrelevant by the controlling authority which this court is *Erie*-bound to apply in this diversity action and which prohibits the court and jury from second-guessing the legislature and the regulatory scheme in place at the time the subject bus was manufactured.

## Conclusion

In accordance with the foregoing analysis, the court finds that no genuine issue of material fact remains in this action, and summary judgment is appropriate. The defendants' motion for summary judgment is therefore well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 6th day of October, 2014.

                                       /s/ Neal Biggers
                                       **NEAL B. BIGGERS, JR.**
                                       **UNITED STATES DISTRICT JUDGE**